O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JOSE RENE CARDONA-BLANCO, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. L-08-91 |
| | § | CRIMINAL CASE NO. L-06-850-1 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Now pending are filings by Jose Rene Cardona-Blanco ("Cardona"), a person in federal custody, which the Court construes jointly under the above-styled and numbered cause as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [*See* Dkt. Nos. 1-3].[1]  For the reasons stated herein, such motion shall be **DISMISSED with prejudice**.

### I.    BACKGROUND & PROCEDURE

#### A.    Underlying Conviction

Cardona pleaded guilty on July 7, 2006 to a one-count indictment charging him with violating 8 U.S.C. § 1326(b)(2) and 6 U.S.C. §§ 202 and 557, reentry of an illegal alien after prior removal ("the 2006 conviction").  Cardona had previously been convicted in 2004 of transporting an undocumented alien in case number L-04-cr-78-1, and was deported after serving a twenty-one month term of custody for such conviction ("the 2004 conviction").  Presentence Investigation Report (PSR) at 4.[2]  Cardona was sentenced on October 23, 2006 to a term of imprisonment of forty-six months for the

---

[1] "Dkt. No." refers to entries in the Court's electronic filing system for the above-styled civil action. Entries from criminal cases will be identified by case and docket number.

[2] Judgment was entered on June 1, 2004.  [Case No. L-04-cr-78-1, Dkt. No. 21].  Cardona did not appeal.

2006 conviction. His probation was revoked for the 2004 conviction, and Cardona was sentenced to a term of eight months of imprisonment for that case, to run concurrently in part and consecutively in part with the sentence in the 2006 conviction. All told, Cardona was ordered to serve a term of imprisonment of fifty months. [Case No. L-06-cr-850-1, Dkt. No. 22].

Cardona's attorney filed a notice of appeal to the Fifth Circuit Court of Appeals. [Case No. L-06-cr-850-1, Dkt. No. 20]. The Fifth Circuit issued a mandate order on the record and briefs on file affirming the Court's judgment. *United States v. Cardona-Blanco*, No. 06-41615, 235 F. App'x 279, 280 (5th Cir. Aug. 8, 2007); [*see* Case No. L-06-cr-850-1, Dkt. Nos. 42-43]. Cardona had raised the arguments that: (1) he was sentenced under a mandatory sentencing regime, in contravention of *United States v. Booker*, 543 U.S. 220 (2005): and (2) that the penalty provision of 8 U.S.C. § 1326(b)(2) constitutes a separate criminal offense. The Fifth Circuit held that both arguments were foreclosed by Supreme Court precedent. *See United States v. Rita*, 127 S. Ct. 2456, 2462-68 (2008); *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998).

### B.     The Current Motion

The current motion consists of three documents. The first, captioned "Original Application for Writ of Habeas Corpus, 28 U.S.C. § 2241," was originally filed in the Western District of Texas on January 12, 2007.[3] [Dkt. No. 1]. In such filing, Cardona alleges that he suffered ineffective assistance of counsel in the 2004 conviction because his attorney did not explain to him the consequences of pleading guilty. Cardona also

---

[3] The original case number in that action was SA-07-CA-74 XR. Upon transfer to this Court, it was assigned case number L-07-cv-24. The petition was dismissed for want of jurisdiction while Cardona's appeal before the Fifth Circuit was pending. [Case No. L-06-cr-850-1, Dkt. No. 33]. At Cardona's request, this previously filed application for a writ of habeas corpus under 28 U.S.C. § 2241 will be considered a part of the current motion under 28 U.S.C. § 2255.

avers that he was "totally innocent" of the crime charged.  He states that government agents falsely accused him of being a "coyote" engaged in smuggling illegal aliens, and that counsel was ineffective for failing to investigate the particulars of the crime charged or secure witness statements.  Cardona states also that in the 2004 conviction, the "record is replete with failures to turn over discovery."

Moving ahead to the 2006 conviction, Cardona asserts that his attorney, John Paul of the Federal Public Defender, did not speak with Cardona, investigate the case, or adequately represent Cardona.  He is incensed that his attorney allegedly called him "pollo," and then did not conduct discovery or discuss the PSR with Cardona.

The second and third documents which comprise Cardona's motion are letters to the Court, filed March 25, 2008.[4]  [Dkt. No. 2].  In the first, Cardona asserts that his attorney filed his appeal in the 2006 conviction with the Fifth Circuit, but otherwise did not assist Cardona in pursuing such appeal.  He requests a reduction in sentence from fifty to thirty months so that he can take care of his family.  In the second letter, Cardona asks the Court to consider his petition notwithstanding previous filing irregularities.

On April 18, 2008, the Court issued an Order in which it cautioned Cardona that it was inclined to recharacterize his various filings as a motion under 28 U.S.C. § 2255. [Dkt. No. 3].  Pursuant to *Castro v. United States*, 540 U.S. 375, 377 (2003), the Court provided prophylactic warnings regarding Cardona's ability to bring a second or successive petition, and afforded Cardona the opportunity to withdraw or amend his filings.  Because Cardona has not responded since that time, the Court now characterizes the filings as a motion under 28 U.S.C. § 2255.  Construing Cardona's claims liberally, the Court will jointly consider all grounds for relief which Cardona has alleged thus far.

---

[4] The letters, which Cardona wrote in Spanish, were translated by Court staff.

*See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam).

## II.    DISCUSSION

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  *United States v. Vaugh*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).  Generally, § 2255 claims fall under four categories: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  After conducting an initial examination of the petition, the Court must dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  28 U.S.C. § 2255, Proc. R. 4.

Cardona's motion as to the 2006 conviction is timely, as it comes within one year of the date on which the judgment of conviction became final, i.e. the time in which Cardona could have sought a writ of certiorari in the United States Supreme Court.  *See* 28 U.S.C. § 2255(f)(1); *Clay v. United States*, 537 U.S. 522, 532 (2003); *United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000).  However, claims concerning the 2004 conviction are time-barred, as the time for bringing a motion to collaterally attack the conviction and sentence had expired no later than the end of 2005.  Because requests for relief relating to the 2004 conviction are time-barred, the Court will only discuss claims pertaining to the 2006 conviction.

It is apparent that in substance, Cardona's motion is a claim that John Paul, Cardona's attorney, rendered ineffective assistance of counsel in violation of Cardona's rights under the Sixth Amendment.  *See Strickland v. Washington*, 466 U.S. 668 (1984). To establish a claim for ineffective assistance, Cardona must demonstrate (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result.  *Id.* at 687.  Under the "prejudice" requirement, Cardona "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of proceeding would have been different."  *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*  A court may evaluate an ineffectiveness claim by first looking to whether the petitioner has met the prejudice prong.  *Id.* at 697.  If the petitioner has not, dismissal is warranted.  *Id.*

First, Cardona has listed grievances regarding the performance of his attorney at the time of plea and sentencing.  However, Cardona does not indicate how the absence of such errors would have yielded a sentence which was "significantly less harsh."  *See United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995).  Next, regarding the attorney's alleged failure to assist in Cardona's appeal, Cardona does not indicate how greater involvement by trial counsel at the appellate level would have yielded a different result. The Fifth Circuit considered but rejected on the merits the arguments put forth by Cardona's appellate counsel.   This is a far cry from a case where an attorney's shortcomings have effectively denied the client his day in court.  *Cf. Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).  Because Cardona has not demonstrated any prejudice whatsoever based upon his trial attorney's alleged errors, the Court must dismiss the

claim of ineffective assistance of counsel in its entirety.  *See* 28 U.S.C. § 2255 Proc. R. 4.
In sum, there is no legal basis for Cardona's request to have his sentence reduced.

### III.     ORDER

Cardona's filings, which the Court construes under the above-styled and
captioned cause as a motion for relief pursuant to 28 U.S.C. § 2255, are **DISMISSED**
**with prejudice**.  Additionally, should Cardona seek one, a certificate of appealability is
**DENIED**.  A separate Final Judgment shall issue.

IT IS SO ORDERED.

SIGNED this 22nd day of July, 2008.

_____
Micaela Alvarez
United States District Judge